**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**CASE NO.:**

**RAY HOOKS,**
**an Individual,**

     **Plaintiff,**

**v.**

**PREMIER BEHAVIORAL SOLUTIONS**
**OF FLORIDA, INC. d/b/a SUNCOAST**
**BEHAVIORAL HEALTH CENTER,**
**a Foreign Profit Corporation,**

     **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**WITH INJUNCTIVE AND DECLARATORY RELIEF REQUESTED**

Plaintiff, **RAY HOOKS** ("Plaintiff"), by and through his undersigned counsel, hereby files this Complaint against Defendant, **PREMIER BEHAVIORAL SOLUTIONS OF FLORIDA, INC. d/b/a SUNCOAST BEHAVIORAL HEALTH CENTER** ("Defendant"), and in support thereof states as follows:

**INTRODUCTION**

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), Title VII of the Civil Rights

Act of 1964 ("Title VII"), 42 U.S.C. § 1981 ("§ 1981"), and Chapter 760 of the Florida Civil Rights Act ("FCRA"), seeking recovery for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, compensatory damages, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

2.     Plaintiff is an adult individual.

3.     Defendant is a Foreign Profit Corporation that is located and does business in Manatee County, Florida, and is therefore within the jurisdiction of this Court.

4.     At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Manatee County, Florida.

5.     Plaintiff worked for Defendant in Manatee County, Florida, and therefore the proper venue for this case is the Tampa Division of the Middle District of Florida.

6.     This Court has jurisdiction over Plaintiff's FMLA claims pursuant to 28 U.S.C. § 1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

7.     This Court has jurisdiction over Plaintiff's ADA, Title VII, and § 1981 claims pursuant to 28 U.S.C. § 1331, as they arise under federal law.

2

8.     This Court has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as his FMLA/ADA/Title VII/§ 1981 claims.

9.     At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

10.   At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) Plaintiff suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave to treat same; and (b) he was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

11.    At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination because of his disability or "perceived disability" by Defendant.

12.    At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because Plaintiff was retaliated against and

suffered adverse employment action as a result of his disability or "perceived disability," and his request for reasonable accommodation.

13.     At all times material, Plaintiff was protected during his employment with Defendant by the FCRA, Title VII, and § 1981 because Plaintiff is a black male, which is a protected category under those statutes, who faced discrimination from Defendant as a result of his race.

14.     At all times material, Plaintiff was protected during his employment with Defendant by the FCRA, Title VII, and § 1981 because Plaintiff suffered an adverse employment action for objecting to race-based discrimination.

15.     Defendant was at all times an "employer" as envisioned by the ADA, Title VII, § 1981 and FCRA as it employed in excess of fifteen (15) employees.

## CONDITIONS PRECEDENT

16.     On or around September 04, 2025, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability and racial discrimination and retaliation against Defendant.

17.     On or around May 13, 2026, the EEOC issued a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his federal claims within 90 days of his receipt of the same.

18. On or around June 1, 2026, the FCHR issued a Notice of State Rights to Sue against Defendant, giving Plaintiff the right to bring a civil action on his state claims within one year of his receipt of the same.

19. Plaintiff timely files this action within the applicable period of limitations against Defendant.

20. All conditions precedent to this action have been satisfied and/or waived.

### FACTUAL ALLEGATIONS

21. Plaintiff worked for Defendant, most recently as a Mental Health Technician, from November 19, 2021, until his termination on November 17, 2024.

22. During his employment with Defendant, Plaintiff suffered occasional flareups of disabilities and serious health conditions from which he was suffering, including a hernia, gallbladder disease, and an injury to his lower spine with associated pain, radiculopathy, weakness, stiffness, immobility, and loss of range of motion.

23. During and throughout the Summer of 2024, Plaintiff also had to help treat and address his wife's serious health condition, epilepsy.

24. When Plaintiff would request accommodation for his disabilities and serious health conditions, Defendant consistently denied his requests and demanded that he find somebody to cover any shifts that he might have to mis.

25. Meanwhile, the accommodation and time off requests of similarly situated White/Caucasian co-workers were met with immediate approval.

26. Furthermore, Defendant never advised Plaintiff of his rights under the FMLA.

27. On September 2, 2024, Plaintiff requested the reasonable, non-burdensome accommodation of adjusting his shifts due to his disabilities and serious health conditions and due to his wife's worsening epilepsy.

28. Defendant denied Plaintiff' requests for accommodation.

29. Throughout this time, Plaintiff observed extremely different and disparate disciplinary treatment for White/Caucasian co-workers as opposed to Black/African American co-workers.

30. For example, a Black nurse who arrived late to work on a few occasions was threatened with termination.

31. Meanwhile, a White nurse who consistently arrived late to work had her schedule adjusted to accommodate her chronic tardiness.

32. A black Mental Health Technician's request to take time off for back pain was denied.

33. Meanwhile, White co-workers violated Defendant's "call out" policy routinely, without consequences.

34. Black co-workers were consistently held to a higher standard when it came to disciplinary actions for a variety of things such as sleeping on the job, whereas White co-workers were afforded multiple opportunities to correct their behavior.

35. During a meeting on November 7, 2024, Plaintiff voiced objections to Defendant Managers that Defendant's actions were discriminatory, interfering, and retaliatory, and violated Title VII, the ADA, the FCRA, § 1981, and the FMLA.

36. Very shortly thereafter, on November 17, 2024, Defendant terminated Plaintiff' employment, alleging theft without any evidence of same.

37. Throughout the ensuing appeal process, Defendant changed its story multiple times.

38. It is clear that Defendant discriminated against Plaintiff based on race and based on disability, and terminated his employment in retaliation for his objections to the discrimination and in retaliation for requiring or potentially requiring job-protected FMLA leave.

39. Any other "reason" theorized after the fact by Defendant for its termination of Plaintiff's employment is pure pretext.

40. Defendant's adverse employment actions recounted herein were taken in interference with, and retaliation for, Plaintiff disclosing his serious health condition and for attempting to take FMLA leave.

41. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

42. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

43. The timing of Plaintiff's disclosure of his serious health condition and his use of protected FMLA leave and Defendant's termination of his employment, alone demonstrates a causal and temporal connection between his protected activity and the illegal actions taken against him by Defendant.

44. Plaintiff is an individual with a disability who, with or without, reasonable accommodation, was fully capable of performing the essential functions of his job as a Mental health Tech.

45. In reality, Defendant's termination of Plaintiff stemmed from its discriminatory animus toward his disability and request for accommodation under the ADA/FCRA.

46. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA/FCRA.

47. The timing of Plaintiff's termination makes the causal connection between his use of reasonable accommodation under the ADA/FCRA, and his termination sufficiently clear.

8

48.    Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with reasonable accommodation.

49.    Defendant terminated Plaintiff's employment because of Plaintiff's race and because Plaintiff objected to the discrimination based on race to which Defendant subjected Plaintiff.

50.    Defendant, and others in Defendant's same protected racial category, were categorically treated disparately from their similarly situated white co-workers.

51.    The temporal proximity between Plaintiff's objections to Defendant's illegal conduct, or what Plaintiff reasonably believed to be illegal conduct, and his termination, is sufficiently close to create the necessary temporal nexus between the events.

52.    Defendant's animus towards Plaintiff based on race was the cause of Defendant's terminating Plaintiff's employment.

53.    By reason of the foregoing, Defendant's actions affected Plaintiff's ability to enjoy the "full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens" in violation of § 1981.

54.    Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

55.    As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

56.    Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I: UNLAWFUL INTERFERENCE UNDER THE FMLA

57.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 6, 9 through 10, 21 through 26, 35 through 42, and 54 through 56, above.

58.    At all times relevant hereto, Plaintiff was protected by the FMLA.

59.    At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

60.    At all times relevant hereto, Defendant interfered with Plaintiff by discouraging his use of FMLA.

61.    Defendant never informed Plaintiff of his rights under the FMLA.

62.    As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

63. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

64. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## <u>COUNT II: UNLAWFUL RETALIATION UNDER THE FMLA</u>

65. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 6, 9 through 10, 21 through 25, 35 through 43, and 54 through 56, above.

66. At all times relevant hereto, Plaintiff was protected by the FMLA.

67. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

68. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating him for his attempted use of FMLA-protected leave.

69. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff disclosed his serious health condition and his use or attempted use of leave pursuant to the FMLA.

70. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

71. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

72. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT III: DISABILITY DISCRIMINATION UNDER THE ADA
## FAILURE TO ACCOMMODATE

73. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 7, 11, 15 through 17, 19 through 22, 24 through 25, 27 through 28, 35 through 39, 44 through 46, 48, and 54 through 56, above.

12

74.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

75.    The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

76.    Defendant failed to provide reasonable accommodations and failed to engage in the interactive process with Plaintiff to determine any reasonable accommodations, in violation of the ADA.

77.    The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and/or other non-pecuniary losses.

78.    Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

79.    The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

80.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

81.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV: DISABILITY DISCRIMINATION UNDER THE FCRA FAILURE TO ACCOMMODATE

82.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 8, 11, 15 through 16, 18 through 22, 24 through 25, 27 through 28, 35 through 39, 44 through 46, 48, and 54 through 56, above.

83.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

84.    The discrimination to which Plaintiff was subjected was based on his disability/handicap, or "perceived disability."

85.    Defendant failed to provide reasonable accommodations and failed to engage in the interactive process with Plaintiff to determine any reasonable accommodations, in violation of the FCRA.

86.    The conduct of Defendant and its agents and employees proximately,

directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

87. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

88. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

89. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT V: RETALIATION UNDER THE ADA BASED ON DISABILITY

90. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 7, 12, 15 through 17, 19 through 22, 24 through 25, 27 through 28, 35 through 39, 44 through 45, 47 through 48, and 54 through 56, above.

15

91. Plaintiff was terminated within close temporal proximity of his objections to Defendant that he felt he was being discriminated against based on his disability, and/or his request for/utilization of reasonable accommodation.

92. Plaintiff's objections to discrimination and/or request for reasonable accommodation constituted protected activity under the ADA.

93. Plaintiff was terminated as a direct result of his objections to disability discrimination, and/or his request for reasonable accommodation.

94. Plaintiff's protected activity, and his termination, are causally related.

95. Defendant's stated reasons for Plaintiff's termination are a pretext.

96. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

97. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

98. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

99.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT VI: RETALIATION UNDER THE FCRA BASED ON DISABILITY

100.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 8, 12, 15 through 16, 18 through 22, 24 through 25, 27 through 28, 35 through 39, 44 through 45, 47 through 48, and 54 through 56, above.

101.    Plaintiff was terminated within close temporal proximity of his objections to disability discrimination and/or his request for reasonable accommodation.

102.    Plaintiff's objections to discrimination and/or request for reasonable accommodation constituted protected activity under the FCRA.

103.    Plaintiff was terminated as a direct result of his objections to disability discrimination, and his request for reasonable accommodation.

104.    Plaintiff's protected activity, and his termination, are causally related.

105.    Defendant's stated reasons for Plaintiff's termination are a pretext.

106.    The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

107.    The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

108.    Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

109.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT VII: RACE DISCRIMINATION IN VIOLATION OF TITLE VII DISPARATE TREATMENT

110. Plaintiff re-alleges and re-adopts the allegations contained in Paragraphs 1 through 5, 7, 13, 15 through 17, 19 through 21, 25, 29 through 34, 36 through 39, 49 through 50, 52, and 54 through 56, above.

111. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against race discrimination under Title VII.

112. Plaintiff, and others in Plaintiff's protected class, were treated disparately by Defendant on the basis of race.

113. Defendant's discriminatory comments and actions were egregious, and provide direct evidence of its discriminatory motive to discriminate against Plaintiff.

114. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

115. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

116. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

19

117. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

118. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT VIII: RACE DISCRIMINATION IN VIOLATION OF THE FCRA DISPARATE TREATMENT

119. Plaintiff re-alleges and re-adopts the allegations contained in Paragraphs 1 through 5, 8, 13, 15 through 16, 18 through 21, 25, 29 through 34, 36 through 39, 49 through 50, 52, and 54 through 56, above.

120. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against race discrimination under FCRA.

121. Plaintiff, and others in Plaintiff's protected class, were treated disparately by Defendant on the basis of race.

122. Defendant's discriminatory comments and actions were egregious, and provide direct evidence of its discriminatory motive to discriminate against Plaintiff.

20

123. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

124. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

125. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

126. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to § 760.11(5), Florida Statutes.

127. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

<u>**COUNT IX: RETALIATION IN VIOLATION OF TITLE VII**</u>
<u>**BASED ON RACE**</u>

21

128. Plaintiff re-alleges and re-adopts the allegations contained in Paragraphs 1 through 5, 7, 14 through 17, 19 through 21, 25, 29 through 39, 49, 51 through 52, and 54 through 56, above.

129. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing discrimination under Title VII.

130. The retaliation to which Plaintiff was subjected was based on his opposition to Defendant's illegal and discriminatory actions based on race.

131. Plaintiff's discharge was in very close temporal proximity to his objections to Defendant that he felt he had been discriminated against based on race.

132. Plaintiff's objections constituted protected activity under Title VII.

133. Plaintiff was discharged as a direct result of his objections to discrimination based on race.

134. Plaintiff's objections to Defendant's conduct, and his discharge, are causally related.

135. Defendant's stated reasons for Plaintiff's adverse employment action are a pretext.

136. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation,

inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

137.   Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

138.   The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

139.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

140.   Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT X:  RETALIATION IN VIOLATION OF THE FCRA BASED ON RACE

141.   Plaintiff re-alleges and re-adopts the allegations contained in Paragraphs 1 through 5, 8, 14 through 16, 18 through 21, 25, 29 through 39, 49, 51 through 52, and 54 through 56, above.

23

142. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing discrimination under Section 760.10(7), Florida Statutes.

143. The retaliation to which Plaintiff was subjected was based on his opposition to Defendant's illegal and discriminatory actions based on race.

144. Plaintiff's discharge was in very close temporal proximity to his objections to Defendant that he felt he had been discriminated against based on race.

145. Plaintiff's objections constituted protected activity under the FCRA.

146. Plaintiff was discharged as a direct result of his objections to what he reasonably believed to be discrimination based on race.

147. Plaintiff's objections to Defendant's conduct, and his discharge, are causally related.

148. Defendant's stated reasons for Plaintiff's adverse employment action are a pretext.

149. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

150. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

151. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

152. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

153. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT XI:  DISCRIMINATION IN VIOLATION OF § 1981 BASED ON RACE

154. Plaintiff re-alleges and re-adopts the allegations contained in Paragraphs 1 through 5, 7, 13, 15,  21, 25, 29 through 34, 36 through 39, 49 through 50, and 52 through 56, above.

155. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against race discrimination under § 1981.

25

156.   The discrimination to which Plaintiff was subjected was based on his race.

157.   The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

158.   The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

159.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to § 1981.

160.   Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT XII:  RETALIATION IN VIOLATION OF § 1981 BASED ON RACE

161. Plaintiff re-alleges and re-adopts the allegations contained in Paragraphs 1 through 5, 7, 14 through 15, 21, 25, 29 through 39, 49, and 51 through 56, above.

162. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against race retaliation under § 1981.

163. The retaliation to which Plaintiff was subjected was based on his objections to race discrimination in the workplace, or what he reasonably believed to be race discrimination in the workplace.

164. The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

165. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

166. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to § 1981.

167.   Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

## CERTIFICATION UNDER PENALTY OF PERJURY THAT ARTIFICIAL INTELLIGENCE WAS NOT USED IN THE PREPARATION OF THIS FILING

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way. I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel

and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

DATED this 6th day of August, 2026.

Respectfully Submitted,

**/s/ Nicholas Vimo**
Nicholas Vimo
Florida Bar No. 1029436
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: nicholas@floridaovertimelawyer.com

*Attorneys for Plaintiff*

29